# WORLD OMNI LEASING, INC. v QUESINBERRY

## Case No. 89-16115 CW

Seventeenth Judicial Circuit, Broward County

August 21, 1989

### APPEARANCES OF COUNSEL

**Rhonda G. Raney,** for plaintiff/appellee, World Omni Leasing, Inc.

**Dennis B. Freeman,** for defendants/appellants, George B. Quesinberry and Jo. J. Quesinberry.

### OPINION OF THE COURT

W. HERBERT MORIARTY, Circuit Judge.

THIS CAUSE is an appeal brought by GEORGE B. QUESINBERRY and JO. J. QUESINBERRY, hereinafter Appellants, and the Court being duly advised, finds the following:

Appellants executed an unsecured lease agreement with WORLD OMNI LEASING, INC., hereinafter Appellee, for the lease of a 1986 Toyota automobile. In July 1986, Appellants were involved in an accident which results in a total loss of the Toyota automobile. Appellants received insurance payments which paid $12,705.86 toward the outstanding balance of the lease agreement. However, an alleged

balance of $3,444.15 remains due and owing to the Appellee pursuant to the lease agreement.

Appellee filed an action in Broward County to recover monies due and owing from the Appellants under the terms of the lease agreement. Appellants moved the Court below to dismiss for improper venue, which was denied. The record below reveals that the Appellants executed the lease agreement in Volusia County, Florida and that the Appellants reside in Volusia County, Florida. Appellants now appeal the non-final order denying the motion to dismiss pursuant to Fla. R. App. P. 9.130(3)(A).

Inasmuch as this cause involves an unsecured lease agreement, Fla. Stat. § 47.061 governs and sets forth proper venue requirements. Fla. Stat. § 47.061 states in pertinent part:

Actions on unsecured negotiable or non-negotiable promissory notes shall be brought only in the county in which such notes were signed by the maker or in which the maker or one of the makers resides.

In the instant case the Appellants, the makers of the note, signed the lease agreement in Volusia County and they both reside in Volusia County. Therefore, in accordance with the above statute, venue is not proper in Broward County.

IT IS ORDERED AND ADJUDGED that the order of the trial court denying Appellants' Motion to Dismiss on the grounds of improper venue be reversed.

DONE AND ORDERED this 21st day of August, 1989, in chambers at Fort Lauderdale, Broward County, Florida.